UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

HONORIO HERNANDEZ,
and other similarly situated individuals,

    Plaintiff,

v.

PACE ENCLOSURES, INC.,
LUIS G. GIRALDO and
ENERSON MAGRINI, individually,

    Defendants,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

    COMES NOW the Plaintiff HONORIO HERNANDEZ, by and through the undersigned counsel, and hereby sues Defendants PACE ENCLOSURES, INC., LUIS G. GIRALDO, and ENERSON MAGRINI individually and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement).

2. Plaintiff HONORIO HERNANDEZ is a resident of Lee County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant PACE ENCLOSURES, INC. (hereinafter PACE ENCLOSURES, or corporate Defendant) is a Florida corporation that has a place of business within the jurisdiction of this Court. At all times, Defendant was and is engaged in interstate

commerce. The Defendant is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. The individual Defendants LUIS G. GIRALDO, and ENERSON MAGRINI were and are now, the owners/officers and managers of Defendant Corporation PACE ENCLOSURES. Defendants LUIS G. GIRALDO, and ENERSON MAGRINI are the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Lee County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6. This cause of action is brought by Plaintiff as a collective action to recover from the Defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after May 2017 (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Corporate Defendant PACE ENCLOSURES is a construction company specialized in the screen enclosures business. Defendant has a place of business at 12101 Crystal Condo Rd, Fort Myers, Florida 33966, where Plaintiff worked.

8. The Defendants PACE ENCLOSURES, LUIS G. GIRALDO, and ENERSON MAGRINI employed Plaintiff HONORIO HERNANDEZ as a non-exempted, full-time, screen enclosures technician from on or about January 3, 2012, through approximately May 15,

2020, or more than 8 years. However, for FLSA purposes, Plaintiff's relevant employment period is 156 weeks.

9. Plaintiff had duties as a technician installing pool, porches, and patio enclosures. During the relevant time of employment Plaintiff was paid a salary of $1,200.00 weekly.

10. During his relevant employment period with the Defendants, the Plaintiff had a regular schedule. Plaintiff worked 6 days per week. From Monday to Friday, Plaintiff worked from 7:00 AM to 5:30 PM (10.5 hours each day); on Saturdays, Plaintiff worked from 7:00 AM to 12:00 PM (5 hours). Plaintiff completed 57.5 working hours every week. Plaintiff was unable to take bonafide lunch breaks.

11. Plaintiff worked more than 40 hours every week period and he was paid the same salary regardless of the number of hours paid. Plaintiff was not paid for overtime hours.

12. Plaintiff clocked in and out, and the Defendants were able to keep track of the time worked by Plaintiff and other similarly situated individuals.

13. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

14. Plaintiff was paid weekly with checks and paystubs that did not show the number of days and hours worked in every week period.

15. On or about May 15, 2020, while working for Defendants, Plaintiff suffered a back injury, Plaintiff called his manager to inform the Defendants about his injury, but he could not contact him. The next day Plaintiff did not show up for work because he was in pain.

16. On Monday 18, 2020, Plaintiff went to work and reported his injury. However, Manager John Arias fired him on the spot.

17. Plaintiff HONORIO HERNANDEZ seeks to recover half-time overtime wages for every hour in excess of 40 in a week period, for all the relevant weeks that he worked for the Defendants, liquidated damages, attorney fees, and any other relief as allowable by law.

18. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime hours at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME

19. Plaintiff HONORIO HERNANDEZ re-adopts every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

20. This action is brought by Plaintiff and those similarly-situated to recover from the Employers PACE ENCLOSURES unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half-time the regular rate at which he is employed."

21. At all times pertinent to this Complaint, Defendant PACE ENCLOSURES was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). The Defendant is a construction company dedicated to manufacture screen

enclosures. At all times, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. At all times Defendant had more than two employees regularly engaged in interstate commerce The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses the instrumentalities and channels of interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

22. The Plaintiff's work for the Defendant likewise affected interstate commerce. Plaintiff was employed by an enterprise engaged in interstate commerce, and through his daily activities, he regularly engaged in interstate commerce when he handled and worked on goods and materials that had been produced for commerce and moved in interstate commerce at any stage of the business. Therefore, there is FLSA individual coverage.

23. Defendants PACE ENCLOSURES, LUIS G. GIRALDO, and ENERSON MAGRINI employed Plaintiff HONORIO HERNANDEZ as a non-exempted, full-time, screen enclosures technician from on or about January 3, 2012, through approximately May 15, 2020, or more than 8 years. However, for FLSA purposes, Plaintiff's relevant employment period is 156 weeks.

24. Plaintiff had duties as a technician installing pool, porches, and patio enclosures. During the relevant time of employment Plaintiff was paid a salary of $1,200.00 weekly.

25. During his relevant employment period with the Defendants, the Plaintiff had a regular schedule. Plaintiff worked 6 days per week. From Monday to Saturday Plaintiff completed 57.5 working hours. Plaintiff was unable to take bonafide lunch breaks.

26. Plaintiff worked more than 40 hours every week period and he was paid the same salary regardless of the number of hours paid. Plaintiff was not paid for overtime hours.

27. Plaintiff clocked in and out, and the Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

28. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

29. Plaintiff was paid weekly with checks and paystubs that did not show the number of days and hours worked in every week period.

30. The records, if any, concerning the number of hours worked by Plaintiff HONORIO HERNANDEZ, and all other similarly situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

31. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

32. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a. <u>Total amount of allegedly unpaid overtime wages</u>:

      Twenty-Eight Thousand Five Hundred One Dollars and 20/100 ($28,501.20)

  b. <u>Calculation of such wages</u>:

    Total time of employment: More than 8 years
    Total relevant period of employment: 156 weeks
    Total Hours worked: 57.5 hours weekly
    Total unpaid overtime hours: 17.5 O/T hours
    Paid weekly: $1,200.00 :57.5 hours worked = $20.87 an hour
    Regular rate: $20.87 an hour x 1.5=$31.31 O/T rate-$20.87 rate paid=$10.44 Diff.

    Half-time O/T rate: $10.44 x 17.5 O/T hours=$182.70 weekly x 156 weeks
    $182,70 weekly x 156 weeks = $28,501.20

,

  c. <u>Nature of wages (e.g. overtime or straight time)</u>:

    This amount represents the unpaid half-time overtime wages.

33. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

34. At the times mentioned, individual Defendants LUIS G. GIRALDO and ENERSON MAGRINI were the owners and managers of PACE ENCLOSURES. Defendants LUIS G. GIRALDO and ENERSON MAGRINI were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of PACE ENCLOSURES in relation to their employees, including Plaintiff and others similarly situated. Defendants LUIS G. GIRALDO and ENERSON MAGRINI had absolute financial and operational control of the Corporation, determining terms, and working

conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for the Plaintiff's damages.

35. Defendants PACE ENCLOSURES and LUIS G. GIRALDO and ENERSON MAGRINI knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double damages.

36. Defendants PACE ENCLOSURES, LUIS G. GIRALDO, and ENERSON MAGRINI willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Defendants, as set forth above.

37. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff HONORIO HERNANDEZ and those similarly situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff HONORIO HERNANDEZ and other similarly situated and against the Defendants PACE ENCLOSURES, LUIS G. GIRALDO and ENERSON MAGRINI based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked more than forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff HONORIO HERNANDEZ and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

DATED: May 25, 2020

                                          Respectfully submitted,

                                          By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*